

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0729-14

**GILBERT TAPIA, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### BEE COUNTY

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

The majority reverses the ruling of the court of appeals after determining that the rule we set forth in *Rogers v. State*, 640 S.W.2d 248, 251 (Tex. Crim. App. 1982), should not have been strictly followed and that Appellant's due process rights were not violated. However, I believe that the court of appeals correctly analyzed this issue and I disagree with the majority's conclusion.

As discussed in *Rogers*, I believe that due process requires the State to allege any and

all violations known to it at the time of the revocation hearing, or forfeit the ability to use those violations in a future revocation hearing, irrespective of whether the court considers the violations. *Id*. We should have a bright-line rule and not allow for exceptions on a case-by-case basis. If the State wanted to have a revocation hearing on the drug and alcohol violations, it should have dismissed its first motion and refiled with the additional allegations. The State could have avoided this appeal had it simply followed that procedure, and I see no reason to give it a pass in this case.

Because I do not agree with the majority's analysis and would affirm the judgment of the court of appeals, I respectfully dissent.

Meyers, J.

Filed: May 13, 2015

Publish